IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ABDULLAH ABRIQ, on behalf of himself and all others similarly situated | ) ) ) | |
| v. | ) ) | NO. 3:17-0690 Campbell/Holmes |
| METROPLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY | ) ) ) | |

**MEMORANDUM AND ORDER
AND PROTECTIVE ORDER**

Defendant Metropolitan Government of Nashville and Davidson County has filed a motion to compel Plaintiff to answer interrogatories and provide documentation about his immigration status, the status of his immigration proceedings, and the information that ICE possessed to support its arrest of Plaintiff. *See* Docket Nos. 148 and 149. Plaintiff filed a response in opposition (Docket No. 155) requesting a protective order precluding Metro from inquiring into these matters. Metro also moved for leave (Docket No. 163) to file a reply to Plaintiff's response, which is GRANTED. The Clerk is directed to file Metro's response found at Docket No. 163-1. The Court has considered Metro's motion, Plaintiff's response in opposition, and Metro's reply. For the reasons stated herein, Metro's motion (Docket No. 148) is DENIED except as provided herein. Plaintiff's request for a protective order is GRANTED as provided herein.

**Background**

As described in Judge Campbell's recent memorandum opinion ruling on Metro's motion to dismiss,

> [t]his purported class action is one of several such cases filed across the country in recent years challenging the constitutionality of local law enforcement's detaining immigrants subject to detainers from the U.S. Department of Homeland Security,

> Immigration and Customs Enforcement ("ICE"). Plaintiff Abdullah Abriq is a foreign national who immigrated to the United States under an F-1 student visa. Plaintiff resided in Davidson County and attended Tennessee State University. Plaintiff alleges that he has never been arrested for or convicted of a crime.
>
> Plaintiff alleges that, on April 6, 2017, ICE officials took custody of him, pending civil removal proceedings. Plaintiff contends that, also on April 6, 2017, ICE officials transferred custody of him to the Metropolitan Government of Nashville and Davidson County ("Metro") at the Davidson County Jail, where he was held until April 11, 2017. Plaintiff alleges that ICE had no warrant or probable cause to arrest him. Plaintiff also alleges that Metro had no warrant or probable cause to believe Plaintiff had committed a criminal offense or to take custody of him, and that Metro had no lawful authority to hold him as an immigration detainee.
>
> Plaintiff contends that, despite the agreement's expiration and having no new § 287 agreement, Metro, through an ongoing custom, policy and practice and at the direction of Sheriff Hall, has continued to "seize" and hold administrative detainees for ICE, including Plaintiff, with no lawful authority to do so.

Docket No. 136 at 1-2. Of the claims originally made by Plaintiff, only his Fourth Amendment claim remains, all other claims having been dismissed upon Metro's motion. Docket No. 137. Metro denies any violation of Plaintiff's rights under the Fourth Amendment and asserts that it acted lawfully in detaining Plaintiff.

**Legal Standard**

As a general matter, Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b). The trial court has wide discretion when dealing with discovery matters. *S.S. v. E. Kentucky Univ.*, 532 F.3d 445, 451 (6th Cir. 2008). This includes when deciding if information might be relevant. *Id*. A party may move for an order compelling discovery under Rule 37(a) after "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); Local Rule 37.01(a). Under Rule 26(c), the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). The "good cause" necessary to sustain a protective order under Rule 26(c) must be shown by particular and specific facts, "as distinguished from stereotyped and conclusory statements." *Knight Capital Partners Corp. v. Henkel Ag & Company, KGaA*, ___ F3d. ___, 2017 WL 5898455, at * 2 (E.D. Mich. Nov. 30, 2017) (citations omitted).

## Discussion

Here, Metro seeks to compel information from Plaintiff about the probable cause for his arrest by Immigration and Customs Enforcement ("ICE"), his immigration status, and the status of his immigration proceedings. *See* Docket Nos. 148-1 at 9-12 (Interrogatory Nos. 12, 13, at 15) and 148-2 (Request for Production No. 19). Plaintiff responds that the requested information is outside the scope of discovery because the only information material to his Fourth Amendment claim is what Metro knew at the time that ICE transferred custody of Plaintiff to the Davidson County Sheriff's Office (the "DCSO"). Plaintiff further contends that the requested information will potentially jeopardize his pending administrative removal proceedings.

In support of its motion to compel, Metro argues that Plaintiff placed his immigration status at issue by alleging in his amended complaint that ICE did not have probable cause to arrest him and that he is not subject to removal from the United States. Metro also argues that its inquiry about Plaintiff's student visa and subsequent education history is simply standard background information. Metro further maintains that Plaintiff's immigration records are public information. Finally, Metro asserts that information relating to Plaintiff's immigration proceedings is relevant to the question of whether Plaintiff is an adequate class representative and whether Plaintiff is entitled to the preliminary injunction current pending before the Court.

Metro's argument that the requested discovery is relevant to the pending class certification and preliminary injunction motions is easily dispensed with, as those motions are fully briefed, and any further discovery is unnecessary at this time. Metro's other arguments are equally unavailing, because they all depend on Metro showing that the requested information is relevant. *O'Malley v. NaphCare, Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015) (proponent of motion to compel discovery bears the initial burden of proving that the information sought is relevant). Although the burden for demonstrating relevance is relatively light, *Albritton v. CVS Caremark Corp.*, 2016 WL 3580790, at *3 (W.D. Ky. June 28, 2016), Metro has not carried that burden here. The only relevance that Plaintiff's immigration status might have to the remaining Fourth Amendment claim is whether that information informed or supported the DCSO's decision to take custody of Plaintiff. Metro knows what information it had and relied upon at that time in making that decision. Any other information of Plaintiff's actual immigration status that might now be provided is immaterial, because it has nothing to do with what Metro knew at the time it took custody of Plaintiff. Put another way, while information about Plaintiff's immigration status known to Metro at the time Plaintiff was placed in the custody of the DCSO may be relevant and discoverable, discovery provided by Plaintiff or third-parties regarding his immigration status or related information is not probative of the facts Metro knew at the time of Plaintiff's custody and is therefore irrelevant to Plaintiff's Fourth Amendment claims. *See e.g. Barrera v. Boughton,* 2010 WL 1240904, at *5 (D. Conn. March 19, 2010) (whether the defendants had a lawful basis for the detention and/or arrest of the plaintiffs depends on what the officers knew at the time, and plaintiffs' immigration status is not probative of facts the defendants knew); *De La O v. Arnold-Williams*, 2006 WL 6494873, at *2-3 (E.D. Wash. Oct. 20, 2006) (defendants in a civil rights case

must show that a legitimate police concern existed at the time of the investigation not by evidence obtained through later discovery).

Further, any marginal relevance of the requested discovery is outweighed by the potential impact on Plaintiff's pending administrative removal proceeding. Courts have, in a variety of different contexts, expressed reluctance to order disclosure of information about an individual party's immigration status because of the potential for resulting harm. *See e.g. Montoya v. S.C.C.P Painting Contractors, Inc.*, 530 F. Supp. 2d 746, 749 (D. Md. 2008) ("[C]ourts are reluctant to order production of personal information disclosure of which might be seen as innocuous in an ordinary case, but threatening when immigration status is unclear."); *Topo v. Dhir*, 210 F.R.D. 76, 79 (S.D.N.Y. 2002) ("The potential danger of deterring plaintiff from having her day in court by inquiring into a nonrelevant matter such as her immigration status is precisely the type of 'oppression' Rule 26(c) was designed to prevent."). Even when the immigration-related information is arguably relevant to the merits, courts have prevented discovery because of the potential harm caused by disclosure. *Barrera*, 2010 WL 1240904, at *5. Plaintiff has shown good cause for a protective order by demonstrating potential jeopardy to his pending administrative removal proceeding.

Nevertheless, the Court recognizes that Metro now additionally relies on the Fifth Circuit's holding in *City of El Cenizo, Texas v. Texas* that the arresting ICE officer's knowledge "may be imputed to local officials even when those officials are unaware of the specific facts that establish probable cause of removability." 885 F.3d 332, 355 (5th Cir. 2018). Without any determination of the extent to which *City of El Cenizo* provides persuasive authority for the determination of any Fourth Amendment arguments in this case, information supporting ICE's probable cause may arguably be relevant. However, Plaintiff is not the appropriate source of any such information.

To the extent that Metro has not already obtained information from ICE regarding probable cause for its arrest of Plaintiff on April 6, 2017, Metro may pursue discovery directly from ICE as to that specific narrow and discrete issue. Any information obtained by Metro from ICE about probable cause for Plaintiff's arrest on April 6, 2017, including any information that may have already been obtained, shall be designated for attorney's eyes only and not shared with any other person or used for any purpose other than supporting its arguments for imputed probable cause in this litigation absent further order of the Court. The Court finds this protective provision appropriate because Metro's argument is that any information known to ICE is imputed to Metro without regard to what Metro knew or did not know, and there is therefore no need for Metro's attorneys to share the probable cause information with any other person, including their client. No reference may be made to any such information in any court filing or at trial without compliance with the Court's procedures for sealing of documents and further order.

That said, if Plaintiff's immigration status is a matter of public record or if there is a public record of Plaintiff's immigration proceeding, which Metro asserts and Plaintiff disputes, but which neither party has satisfactorily demonstrated to the Court, then Metro may obtain those records because the concerns about Plaintiff divulging information are substantially minimized. To the extent that the public records referenced by Metro exist, proportionality considerations support the Court's determination that Plaintiff need not produce the information because the very nature of public records allows for accessibility by Metro. To be clear, other than the specific probable cause for ICE's arrest of Plaintiff on April 6, 2017, Metro may not seek Plaintiff's immigration records or information about past or pending immigration or removal proceedings by deposition testimony (including of third-party witnesses), subpoena or other compulsion, Metro may only obtain

information that is a matter of public record, that is, information that is otherwise available to the general public.

## Conclusion

For the foregoing reasons, Metro's motion for an order compelling discovery is DENIED except as provided herein, and Plaintiff's request for a protective order is GRANTED as provided herein. Defendant may not seek documents or elicit from Plaintiff or third-party witnesses information concerning the past or present immigration status of Plaintiff, beyond information that was already known to Metro at the time of transfer of Plaintiff from ICE to the DSCO on April 6, 2017, unless such information is a matter of a public record readily available to the general public, except that Metro may obtain information directly from ICE of probable cause for its arrest of Plaintiff on April 6, 2017, which information shall be **for attorney's eyes only** and not shared with any other person or used for any purpose other than supporting its arguments for imputed probable cause in this litigation without the express permission of this Court. No reference may be made to any such probable cause information in any court filing or at trial without compliance with the Court's procedures for sealing of documents and appropriate order.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge