IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ABDULLAH ABRIQ,<br>*On behalf of himself and all others similarly situated,*<br><br>    **Plaintiff,**<br><br>v.<br><br>METROPOLITAN GOVERNMENT<br>OF NASHVILLE/DAVIDSON<br>COUNTY,<br><br>    **Defendants.** | NO. 3:17-cv-00690<br><br>JUDGE CAMPBELL |

## **MEMORANDUM**

Pending before the Court is Plaintiff's Motion for Class Certification (Doc. No. 94). For the reasons stated herein, Plaintiff's Motion is **DENIED**.

BACKGROUND

This action challenges the constitutionality of Defendant Metropolitan Government of Nashville/Davidson County's policy of detaining immigrants subject to detainers from the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). Plaintiff's remaining claim is for violation of his Fourth Amendment rights.[1]

The First Amended Complaint (Doc. No. 26) alleges that ICE [2] arrested Plaintiff pending civil removal proceedings, without a warrant and without probable cause, and that that arrest was

---

[1] Plaintiff's claims for violation of the Fourteenth Amendment, unjust enrichment, false imprisonment and ultra vires acts have been dismissed. *See* Doc. Nos. 136-37 and 161.

[2] ICE is not a Defendant in this action.

a "seizure" within the meaning of the Fourth Amendment. Plaintiff alleges that ICE then transferred custody of Plaintiff to Defendant (at the Davidson County Jail), which effectuated a new "seizure" of Plaintiff by Defendant, without probable cause and without a warrant. Plaintiff contends that Defendant had no lawful authorization to provide immigration detention services from August 2012 (when its agreement with ICE expired) forward and, thus, no authorization to detain him. Plaintiff also asserts that Defendant has used Davidson County facilities unlawfully to detain hundreds of immigration detainees like him since its agreement with ICE expired in 2012. Plaintiff seeks declaratory and injunctive relief, plus the creation of an equitable or constructive trust.

Plaintiff asks the Court through his motion, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2), to certify a class of persons defined as follows:

> From April 7, 2016 forward, all individuals who have been, are being, or will be housed by the DCSO [Davidson County Sheriff's Office] on behalf of Metro Nashville on federal civil immigration charges for Immigration and Customs Enforcement in return for compensation from the federal government.

Doc. No. 94.[3]

## CLASS CERTIFICATION

In order to certify a class, the Court must be satisfied that Plaintiff has met the requirements of both Rule 23(a) and Rule 23(b) of the Federal Rules of Civil Procedure. Rule 23(a) establishes four requirements for class certification: (1) the class is so numerous that

---

[3] The class asserted in the First Amended Complaint is defined differently: "All civil administrative detainees over whom the Defendants, or their designees, purporting to act as an immigration detention services contractor for the federal government, have taken custody of or will take custody of since September 1, 2012." Doc. No. 26 at ¶ 100.

joinder of all members is impracticable;[4] (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of those of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). To meet the requirements of Rule 23(b)(2), a plaintiff must show that the defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. Fed. R. Civ. P. 23(b)(2).

A class action will be certified only if, after rigorous analysis, the Court is satisfied that the prerequisites of Rule 23(a) have been met and that the action falls within one of the categories under Rule 23(b). *Castillo v. Envoy Corp.*, 206 F.R.D. 464, 467-68 (M.D. Tenn. 2002); *Burges v. Bancorpsouth, Inc.*, 2017 WL 2772122 at * 2 (M.D. Tenn. June 26, 2017). The decision whether to certify a class, committed to the sound discretion of the district judge, turns on the particular facts and circumstances of each individual case. *In re Whirlpool Corp. Front-Loading Washers Product Liability Litig.*, 722 F.3d 838, 850 (6th Cir. 2013). The parties seeking class certification bear the burden of showing that the requirements for class certification are met. *Bridging Communities Inc. v. Top Flite Financial Inc.*, 843 F.3d 1119, 1124 (6th Cir. 2016); *Skeete v. RePublic Schools Nashville*, 2017 WL 2989189 at * 2 (M.D. Tenn. Mar. 21, 2017).

Plaintiff asserts that there are numerous common facts, many of which are undisputed. With regard to common questions of law, Plaintiff asserts that the following issues are common to all the proposed class:

---

[4] There appears to be no dispute here that Plaintiff has established the numerosity element.

(1) whether Defendant was authorized to continue housing immigration detainees for ICE after the 2007-2012 agreement expired;

(2) whether, in the absence of a valid agreement, Defendant effectuated an independent "seizure" of each class member when housing that class member as a federal civil immigration detainee;

(3) whether, with respect to all such seizures, an I-203 Form from ICE provided probable cause for Defendant to seize each detainee for purposes of the Fourth Amendment; and

(4) whether Defendant was required to establish independent probable cause before housing each class member for ICE.

Doc. No. 95 at 13.[5]

The First Amended Complaint alleges that Defendant violated Plaintiff's constitutional rights by taking custody of him without a validly executed contract.[6] Doc. No. 26 at ¶ 84. Yet Plaintiff's proposed class definition makes no mention of the presence or absence of a "validly executed contract."

Plaintiff claims that the fundamental legal issue in this case is whether, in the absence of a valid agreement, Defendant is shielded from constitutional liability for housing a federal

---

[5] Plaintiff claims, in a footnote, that Defendant should not be housing *any* immigration detainees for ICE without a valid contract. Doc. No. 95, n. 39. It is curious, therefore, that issues 3 and 4 have to do with probable cause, since under this theory, if the class covers all immigration detainees held without a valid contract, regardless of their circumstances, then whether there was probable cause would be irrelevant.

[6] For purposes of the Motion for Class Certification, Plaintiff "assumes that it was not (and would not be) a constitutional violation for the DCSO to house immigration detainees for ICE while a duly authorized immigration detention services contract between Metro Nashville and the federal government is in place." Doc. No. 95, n. 2. The First Amended Complaint alleges that a duly authorized contract with ICE is the only means by which the Defendant can perform immigration services otherwise reserved to the federal government. Doc. No. 26 at ¶ 124.

immigration detainee simply because Defendant receives a slip of paper signed by an ICE agent that states, in essence, "Detain Mr. Doe until directed otherwise." Doc. No. 95 at n. 39. The proposed class definition does not limit members to those being held without an agreement or pursuant to any "slip of paper" presented to Defendant by ICE.

Plaintiff also asserts that there are two types of federal civil immigration detainees: (1) those being held pending removal proceedings and (2) those being held after a removal proceeding, pending deportation. Doc. No. 95, n. 1. Plaintiff was detained pending removal proceedings. Yet, Plaintiff's proposed class definition does not limit class members to those being detained pending removal proceedings.[7]

Plaintiff argues that he was housed by Defendant as a federal civil immigration detainee after the agreement expired in 2012, he was detained by Defendant pursuant to an I-203 Form issued by ICE, and he was "seized" with no independent probable cause analysis by Defendant and no warrant from a local magistrate. Doc. No. 95 at 14. Yet the proposed class definition mentions nothing about an agreement, an I-203 Form, the absence of a probable cause determination, or the absence of a warrant. Plaintiff maintains that neither ICE nor Defendant had probable cause, at the time of his arrest and detention, to arrest him for a crime. Yet there is no language in the proposed class definition limiting class members to those for whom Defendant made no probable cause determination or to those who had not committed a crime.

The specific circumstances under which Plaintiff was detained are not the same as the broad circumstances alleged in his proposed class definition. Identifying potential class members

---

[7] Courts have held that an Order of Deportation or Removal from the United States provides law enforcement with lawful authority to detain immigration detainees. *See People v. Xirum*, 993 N.Y.S.2d 627, 630 (N.Y. 2014).

like Plaintiff would involve individual determinations of whether their circumstances were like Plaintiff's. Plaintiff has not sufficiently established commonality for a class action.

Even if the Court found commonality for purposes of class certification, Plaintiff's circumstances are not typical of the proposed class members. In order for Plaintiff to show that his claims are typical of those of the proposed class members and that he will adequately represent those class members, Plaintiff's claim must arise from the same event, practice, or course of action that gives rise to the claims of other class members or Plaintiff's claim must arise from the same legal theory. *Skeete* at * 4; *Graham* at * 4. In other words, Plaintiff must have been detained under the same circumstances as the proposed class members.

The Court finds that Plaintiff has failed to carry his burden to show that his claims are "typical" of the proposed class members. The proposed class definition is not limited to the situations alleged by Plaintiff - the absence of a valid contract between Defendant and ICE; detainees pending removal proceedings (not deportation); detainees who were not already in jail and being "held over" for ICE; detainees who had not committed crimes; detainees for whom ICE provided a I-203 form but no warrant; and detainees for whom no independent probable cause determination was made by Defendant. The proposed class definition reflects that Plaintiff's claims are not typical of the class. In this case, Plaintiff's interests do not align with those detainees whose circumstances, as indicated above, are different from his. To the extent that any potential class members' circumstances *are* like Plaintiff, any injunctive or declaratory relief awarded in this case will benefit them as well.

CONCLUSION

Having found that Plaintiff has not shown commonality or typicality under Fed. R. Civ. P. 23(a), the Court need not address Rule 23(b). For these reasons, Plaintiff's Motion for Class Certification (Doc. No. 94) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE